# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50038 | **DATE** | 8/18/2011 |
| **CASE TITLE** | Exactlogic, Inc. vs. Xactlink, LLC, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, plaintiff's motion to strike and dismiss [#30] is granted as to defendants' first counterclaim and denied as to the second counterclaim. Defendants' first counterclaim is stricken.

*Philip G. Reinhard*

■ [ For further details see text below.]

Electronic Notices.

## STATEMENT - OPINION

Defendants, Xactlink LLC, Fortuna Logistics, LLC, and Joseph M. Radcliff filed a counterclaim against plaintiff, Exactlogix, Inc., d/b/a Acculynx.com. The counterclaim seeks 1) a declaratory judgment that plaintiff's copyright registration TX-7-282-604 is invalid and 2) a declaratory judgment that defendants are not infringing plaintiff's Trademark Reg. No. 3,886,987. Plaintiff's complaint asserts claims for copyright infringement (Count I), violation of the Digital Millennium Copyright Act (Count II), a Lanham Act violation under 15 U.S.C. § 1125 (a) (Count III) and a claim under the Illinois Uniform Deceptive Practices Act (Count IV). Plaintiff moves to strike and dismiss the counterclaims.

Defendants' first counterclaim seeks a declaratory judgment finding plaintiff's copyright registration invalid. Defendants also include in their answer to the complaint an affirmative defense raising an identical claim that the registration is invalid. In their response to plaintiff's motion to strike this counterclaim, defendants agree to remove this counterclaim to the extent plaintiff agrees to discovery on the issue of the copyright registration's validity and to having the court reach a decision on the registration's validity. The validity of the registration is in issue by virtue of the affirmative defense and will be determined by the court in due course. The court's rules allow for "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26 (b) (1). Defendants will be able to explore this issue in discovery and obtain a decision on the validity issue because of their affirmative defense. The conditions defendants set for agreeing to have this counterclaim be stricken have been effectively met. Accordingly, defendants' first counterclaim is stricken.

Defendants' second counterclaim seeks a declaratory judgment of non-infringement of plaintiff's registered trademark. Declaratory judgment actions seeking a determination of non-infringement of a trademark are proper. E.g., AM General Corp. v. DaimlerChrysler Corp., 311 F.3d 796 (7th Cir. 2002); Henri's Food Products Co., Inc. v. Kraft, Inc., 717 F.2d 352 (7th Cir. 1983). They may be brought by a defendant as a counterclaim in an action brought by the trademark holder against that defendant on other grounds. Fed. R. Civ. P. 13 (b),(c).

| STATEMENT - OPINION |
|---|

     15 U.S.C. § 1114 (1) (a) provides that any person using a registered mark in commerce without the consent of the registrant where the use "is likely to cause confusion, or to cause mistake or to deceive" shall be liable in a civil action by the registrant. The test for trademark infringement under this provision is likelihood of confusion, deception, or mistake on the part of consumers (I. e., mistaking the alleged infringer's products or services to be those of the registrant.) <u>Henri's Food Products Co. Inc.</u>, 717 F.2d at 354. 15 U.S.C. § 1125 (a) (1) (A) provides a cause of action against any person who uses in commerce "any word, term, name, symbol or device" that is "likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of such person with another person, or as to origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." A claim under this provision requires proof "that the relevant group of buyers is likely to confuse the alleged infringer's products or services with those of the plaintiff." <u>H-D Michigan, Inc. v. Top Quality Service, Inc.</u>, 496 F.3d 755, 759 (7th Cir. 2007).

     Defendants are entitled to seek a determination that they are not infringing plaintiff's trademark in violation of 15 U.S.C.§ 1114 (1) (a). Plaintiff argues that it has not put infringement of the registered mark at issue because it limited its cause of action to one under 15 U.S.C. § 1125 (a). However, it is obvious that the issue of likelihood of confusion and mistake must be resolved in this action. Defendants are entitled to a clear determination that the decision in this case on that issue resolves any possible section 1114 (1) (a) claims as well. Defendants are not required to wait to be sued under section 1114 (1) (a) and then raise a favorable decision here as a preclusion defense.

     For the foregoing reasons, plaintiff's motion to strike and dismiss [#30] is granted as to defendants' first counterclaim and denied as to the second counterclaim. Defendants' first counterclaim is stricken.